[No. 21245. Department Two. October 8, 1928.]

CONSTANCE R. HALLER, *Appellant*, v. THEODORE N. HALLER, *Respondent.*[1]

*Griffin & Griffin*, for appellant.

*Hastings & Stedman*, for respondent and cross-appellant.

ASKREN, J.—Plaintiff brought this action for divorce on the ground of cruelty. Defendant answered denying generally the allegations of the complaint, and asked for a dismissal of the action. After trial, the court granted plaintiff a divorce and a property settlement. Both parties being dissatisfied and each

[1]Reported in 270 Pac. 822.

having appealed, we shall refer to them as plaintiff and defendant.

The issues presented upon appeal naturally divide themselves into two main questions: First, should a divorce have been granted; and second, what amount should have been awarded as a property settlement?

The parties were married in May, 1917, the plaintiff being then twenty-two years of age and the defendant fifty-three. No children have been born to them. They have made their home in Seattle at the ancestral residence of the defendant, a large house, of approximately eighteen rooms, constructed about forty-five years ago, and possessing no modern conveniences. It lacked warmth and comfortableness and its constant care under the conditions became a very great burden to the plaintiff. Their tastes were decidedly different, the plaintiff's running to art, music and the theater; while the defendant's was much the opposite. Those facts, coupled with the very great divergence in their ages, prevented them from deriving any appreciable amount of happiness from their marriage, and for a long period of time they have not lived together as husband and wife, although occupying the same home.

Much might be said of the evidence regarding their quarrels and unhappiness but it would lead ultimately to the conclusion that troubles which many couples are able to overcome and live harmoniously afterwards assumed great proportions through the added difficulty of attempting to mate "January with May." An examination of the record discloses that it is not only impossible for these parties to live together as husband and wife, but that it is to their interest and the interest of society that they be divorced and we think the trial court correctly granted it on the plaintiff's evidence.

The question of property settlement is the one that has caused both parties to urge in this court a modification of the court's decree. The plaintiff thinks the amount inadequate while the defendant contends that it is entirely too large.

The parties own no community property. The plaintiff has separate property of the value of seven thousand dollars, and the defendant's separate property is valued at about two hundred thousand dollars. This is represented by his ownership as an heir and devisee of the estate of his parents, a portion of which is real estate, vacant and non-income bearing.

The court awarded the plaintiff a cash settlement of thirty-one thousand dollars from the defendant's separate property, which, added to her own separate funds, makes a total of thirty-eight thousand dollars. Plaintiff insists that this amount should be very much increased inasmuch as the amount of the defendant's separate property awarded her is but one-seventh of his estate. But it must be borne in mind that none of this is community property. It is not a fund in which she has any ownership, or has helped to bring into existence and is, therefore, entitled to a portion thereof as a matter of right; but is rather a fund which the court, in the broad exercise of its equitable powers, has the right to require a portion thereof given to her in order to meet her necessities. The fund which has been awarded her totaling thirty-eight thousand dollars will insure an income close to two hundred dollars per month. This may not be over ample, but it is a substantial income for a woman thirty-three years of age, having no children or other persons dependent upon her for support.

Nor has the husband just grounds for complaint at the award as made. He has reached the age of sixty-four or sixty-five years. His estate is still in the

neighborhood of one hundred and seventy thousand dollars—more than ample for all his needs during the balance of his lifetime. In addition to this, he receives a salary in excess of three hundred dollars per month for caring for the Haller Estate. He should neither desire nor expect that his wife, after eleven years of married life, should lack sufficient income to insure a reasonable standard of living. His contention that the plaintiff married him for his money is not borne out by the evidence. Rather does it point to a marriage of two people illy mated by temperament, disposition, and age.

The learned trial court, so the evidence attests, gave patient ear to the claims of both parties and reached a conclusion which we are unable to say is either inequitable or unjust.

Judgment affirmed.

FULLERTON, C. J., FRENCH, HOLCOMB, and MAIN, JJ., concur.